| | | | |
|---|---|---|---|
| Case No. | **EDCV 19-102-SVW-KKx** | Date: | October 9, 2019 |
| Title: | *Carlos Suarez v. BMW of North America, LLC, et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order Granting Defendant's Motion for Monetary Sanctions [Dkt. 60]

On September 3, 2019, Defendant BMW of North America, LLC ("Defendant") filed a Motion for Monetary Sanctions for Reimbursement of Costs and Fees Associated with Plaintiff's Counsel's Violation of the Court's Order Regarding Mandatory Settlement Conferences ("Motion") seeking a total award of $5,071.00 in attorneys' fees and costs. ECF Docket No. ("Dkt.") 60. Plaintiff has not filed an Opposition. For the reasons set forth below, Defendant's Motion is GRANTED.

I.
**BACKGROUND**

On June 17, 2019, the District Judge referred the action to the undersigned United States Magistrate Judge for a settlement conference. Dkt. 50.

On July 2, 2019, the Court issued an Order setting the settlement conference for July 10, 2019. Dkt. 52. The Order explains, "The purpose of the Settlement Conference is to permit an informal discussion between the attorneys, parties, non-party indemnitors or insurers, and the settlement judge, of every aspect of the case bearing on its settlement value." Id. at ¶ 1. Therefore, the Order requires lead trial counsel to be present with their client, "whether or not counsel purportedly have been given settlement authority," and states "counsel appearing without their clients . . . will cause the settlement conference to be cancelled and rescheduled." Id. at ¶¶ 3-4. The Order further provides that any failure to "comply strictly with this Order, may result in the Settlement Conference being ordered off calendar and sanctions being imposed." Id. at ¶ 8. In

addition, the Court's Procedures, available on the Court's website, make clear "[i]t is the responsibility of the parties to obtain the services of an interpreter in a civil case if one is needed." See http://www.cacd.uscourts.gov/honorable-kenly-kiya-kato.

On July 10, 2019, the matter was called for a settlement conference at 9:30 a.m. as previously scheduled. See Dkt. 53. Attorney Richard Uss appeared on behalf of Plaintiff Carlos Suarez ("Plaintiff"), who was present. Id. Attorney Abtin Amir appeared on behalf of Defendant, whose client representative Robert Coake was present. Id. However, Plaintiff needed the assistance of a Spanish language interpreter and Plaintiff's counsel failed to arrange for the presence of an interpreter. Id. After conferring with the parties, the Court recessed to permit Plaintiff's counsel the opportunity to arrange for an interpreter. Id. Following the recess, Plaintiff's counsel advised he was unable to secure the presence of an interpreter in Court the same day. Id.

The Court, therefore, ordered the settlement conference continued to July 26, 2019 at 9:30 a.m. and required the parties to file a stipulation seeking to continue the ADR deadline and pretrial conference previously set for July 22, 2019. Id.

On July 11, 2019, the parties filed a joint stipulation to continue the final pretrial conference until after the July 26, 2019 settlement conference. Dkt. 54. On July 15, 2019, the Court granted the parties' stipulation and continued the final pretrial conference to August 12, 2019. Dkt. 55.

On July 26, 2019, the matter was called for a settlement conference and the parties ultimately agreed upon a confidential settlement agreement. See Dkt. 56.

On August 29, 2019, pursuant to the settlement agreement, the parties filed a stipulation to dismiss the case. Dkt. 59. On September 3, 2019, the case was ordered dismissed. Dkt. 62.

On September 3, 2019, Defendant filed the instant Motion with a declaration from Defendant's counsel, seeking $5,071.00 in fees and costs as follows:

(1) $1,933.00 for five hours of attorney time at a rate of $385 per hour to travel to, attend, and travel back from the July 10, 2019 settlement conference and $8 for parking.
(2) $828.00 for Defendant's corporate representative to travel to, attend, and travel back from the July 10, 2019 settlement conference and $8 for parking.
(3) $577.50 for one and a half hours of attorney time at a rate of $385 per hour to meet and confer with Plaintiff's counsel and prepare the stipulation to continue the pretrial conference and ADR deadline.
(4) $770.00 for two hours of attorney time at a rate of $385 per hour to "re-prepare" for the continued settlement conference.
(5) $962.50 for two and a half hours of attorney time at a rate of $385 per hour to prepare and file the instant Motion.

Dkt. 60; Dkt. 60-2, Declaration of Abtin Amir ("Amir Decl."). Plaintiff did not file an opposition. The matter thus stands submitted.

///
///

# II.
# DISCUSSION

"[C]ourts may impose sanctions for the failure to obey court orders." Air Separation, Inc. v. Underwriters at Lloyd's of London, 45 F.3d 288, 291 (9th Cir. 1995).

Here, Plaintiff's counsel failed to have an interpreter present for the settlement conference as required by the Court's Settlement Conference Scheduling Order, dkt. 52, and the Court's Procedures. Plaintiff's counsel's failure to have an interpreter required the Court to continue the settlement conference. As a result, Defendant incurred fees and costs for Defendant's counsel and client representative to travel to, attend, and return from the July 10, 2019 settlement conference. In addition, Defendant incurred fees for Defendant's counsel to meet and confer and prepare a stipulation to continue the pretrial conference and ADR deadline, prepare for a second settlement conference, and prepare the instant Motion. The Court finds those fees and expenses would not otherwise have been incurred but for Plaintiff's counsel's failure to comply with Court orders, and that the fees and expenses sought are reasonable. Moreover, pursuant to Local Rule 7-12, Plaintiff's failure to file an opposition is deemed consent to the granting of the Motion. See L.R. 7-12.

Hence, Defendant's Motion is GRANTED.

# III.
# ORDER

IT IS THEREFORE ORDERED Defendant's Motion is GRANTED. **Within thirty (30) days of the date of this Order**, Plaintiff's counsel, Richard Uss of The Barry Law Firm, shall pay to Defendant the sum of $5,071.00.